OPINION
{¶ 1} Defendant-appellant, Donald U. Thomas, III, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court properly accepted appellant's guilty plea, we affirm that judgment.
 {¶ 2} On October 31, 2003, appellant was charged with one count of aggravated murder in violation of R.C. 2903.02 with firearm specifications pursuant to R.C. 2941.141 and 2941.145. The charge arose from the death of Eric Washington. Appellant initially entered a not guilty plea to the charge but subsequently entered a guilty plea to the lesser included offense of murder, a violation of R.C. 2903.02, and one firearm specification pursuant to R.C. 2941.145. The trial court accepted appellant's guilty plea and sentenced him to a prison term of 15 years to life with an additional three-year prison term for the firearm specification.
 {¶ 3} Appellant appeals, assigning the following error:
The hearing at which appellant's guilty plea was entered did not conform with the requirements of Criminal Rule 11 or due process.
 {¶ 4} Appellant contends the trial court should not have accepted his guilty plea because it failed to comply with the requirements in Crim.R. 11(C). We disagree.
 {¶ 5} Crim.R. 11(C) governs the procedure that a trial court must follow before accepting a guilty plea. Crim.R. 11(C)(2) provides:
In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} In appellant's lone assignment of error, he first argues the trial court failed to properly advise him of his constitutional right to compulsory process before accepting his guilty plea. At his plea hearing, the trial court engaged in a discussion with appellant before it accepted his guilty plea. In that discussion, the trial court asked appellant if he understood that he "would have a right to have your witnesses, should you have any, subpoenaed to the courtroom." Appellant answered affirmatively. When asked later if he understood his constitutional rights and that he was waving those rights, appellant again answered affirmatively. We find that this discussion was sufficient to inform appellant of his constitutional right to compulsory process.
 {¶ 7} A trial court must strictly comply with the critical constitutional requirements referenced in Crim.R. 11(C)(2)(c). State v.Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; Statev. Colbert (1991), 71 Ohio App.3d 734, 737. Although strict compliance is required, a trial court is not required to use the exact language contained in Crim.R. 11(C)(2)(c). The trial court must explain the constitutional rights that a defendant waives by pleading guilty in a manner reasonably intelligible to the defendant. State v. Anderson
(1995), 108 Ohio App.3d 5, 11; State v. Carter, Franklin App. No. 02AP-294, 2002-Ohio-6967, at ¶ 11.
 {¶ 8} This court has previously held that a trial court's explanation of the constitutional right to compulsory process as "the right to subpoena witnesses for the trial" reasonably informed the defendant that he could "employ the power of the court to compel witnesses to appear and give testimony on his behalf" and was sufficient to explain this constitutional right in a reasonably intelligible manner. State v. Lelux
(Mar. 4, 1997), Franklin App. No. 96APA08-1018. We noted that the term "subpoena" is so frequently used now that its meaning is commonly known and understood by laymen. Id.; see, also, State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586, quoting State v. Huft (May 8, 1997), Cuyahoga App. No. 70996 (informing defendant of right to subpoena witnesses complies with Crim.R.11[C]).
 {¶ 9} In the present case, the trial court explained to appellant that he had the "right to have your witnesses, should you have any, subpoenaed to the courtroom." Appellant answered that he understood this right. The trial court's explanation was sufficient to explain, in a manner reasonably intelligible to appellant, his constitutional right to compulsory process. Lelux, supra. Accordingly, the trial court strictly complied with Crim.R. 11(C)(2) when it informed appellant of his constitutional right to compulsory process in a manner that could be reasonably understood by appellant.
 {¶ 10} Appellant also argues the trial court failed to determine that he understood the nature of the charge against him before accepting his guilty plea. Again, we disagree. Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an understanding of the nature of the charge before the trial court accepts the defendant's guilty plea. As opposed to the requirements contained in Crim.R. 11(C)(2)(c) which involve constitutional rights, a trial court need only substantially comply with the non-constitutional requirements contained in Crim.R. 11(C)(2)(a) and (b). State v. Stewart (1977), 51 Ohio St.2d 86,93; State v. Jordan (Mar. 2, 1999), Franklin App. No. 97APA11-1517. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108. Appellant must also show that the trial court's failure to comply had a prejudicial effect. Id. The test is whether the plea would otherwise have been made. Jordan, supra.
 {¶ 11} At his plea hearing, the trial court did not discuss with appellant the elements of the charge of murder, nor did the trial court specifically ask appellant if he understood the nature of the charge. This court has held, however, that it is not always necessary for a trial court to advise the defendant of the elements of the charge or to ask him if he understands the charge, so long as the totality of the circumstances demonstrate that the defendant understood the charge. Statev. Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus;State v. Cantrell (Mar. 26, 2002), Franklin App. No. 01AP-818. Where a defendant pleads guilty to a lesser included offense of the crime for which he was originally charged, such that the elements of the two crimes are similar, it is not difficult to find circumstances that would demonstrate the appropriate understanding. Rainey, paragraph two of the syllabus; Cantrell.
 {¶ 12} The totality of the circumstances reflected in the record indicate that appellant understood the nature of the charge to which he pled guilty. The charge, murder, was a lesser included offense of the charge for which he was originally indicted, aggravated murder. The entry of guilty plea form that appellant signed identified the charge and stated that he reviewed the facts and law of his case with counsel. SeeJordan, supra. Finally, appellant was present at his plea hearing when the prosecuting attorney recited the facts of the case to the trial court. Appellant did not voice any objection to those facts or raise any concerns about the nature of the charge. Appellant's attorney did not object to the prosecutor's recitation of facts or express any concern regarding his client's understanding of the nature of the charge. SeeState v. Eakin, Licking App. No. 01-CA-00087, 2002-Ohio-4713, at ¶ 25. The totality of the circumstances indicate that appellant understood the nature of the charge when the trial court accepted his guilty plea. See, also, State v. Floyd (July, 21, 1988), Franklin App. No. 87AP-808 (finding no confusion as to nature of charge where defendant signed guilty plea form, discussed charge with his counsel, and was present for prosecutor's statement of facts).
 {¶ 13} The trial court properly informed appellant of his constitutional right to compulsory process and, based upon the totality of the circumstances, appellant understood the nature of the charge when he pled guilty. Accordingly, the trial court complied with Crim.R. 11(C) before it accepted appellant's guilty plea.
 {¶ 14} Appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.