[Cite as *State v. McDaniel*, 2010-Ohio-5215.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 09CA677 |
| | : | |
| v. | : | |
| | : | **DECISION AND** |
| Shaune A. McDaniel, | : | **JUDGMENT ENTRY** |
| | : | |
| Defendant-Appellant. | : | File-stamped date: 10-22-10 |

_____

**APPEARANCES:**

Katherine A. Szudy, Columbus, Ohio, for the Appellant.

Austin B. Campbell, Vinton County Prosecutor, McArthur, Ohio, for the Appellee.

_____

Kline, J.:

**{¶1}** Shaune A. McDaniel appeals from the judgment of the Vinton County

Common Pleas Court. McDaniel pleaded guilty to aggravated robbery. On appeal,

McDaniel contends that, during his change of plea hearing, the trial court failed to

adequately inform him of his right to compulsory process and of the maximum potential

sentence. As such, McDaniel maintains that the trial court failed to ensure that his plea

was a knowing, intelligent, and voluntary one. But we hold that the language used by

the trial court reasonably apprised McDaniel of his right to compulsory process and that

the trial court was not obliged to mention the imposition of court costs, as part of his maximum potential sentence, when considering McDaniel's plea.

{¶2} McDaniel next contends that the trial court erred by failing to orally announce the imposition of court costs during his sentencing hearing. But we find that the transcript of the hearing indicates that the trial court did, in fact, orally impose court costs at the sentencing hearing. Accordingly, we affirm the judgment of the trial court.

I.

{¶3} On March 4, 2009, the Vinton County grand jury returned a three-count indictment against McDaniel. The indictment alleged that McDaniel had engaged in conduct that constituted (1) aggravated robbery in violation of R.C. 2911.01(A)(3); (2) felonious assault in violation of R.C. 2903.11(A)(1); and (3) criminal conspiracy in violation of R.C. 2923.01(A).

{¶4} On November 6, 2009, McDaniel changed his plea from not guilty to guilty. At this hearing, McDaniel entered a plea of guilty to aggravated robbery, and the State, in return for this plea, dismissed counts two and three. During the plea colloquy, the trial court informed McDaniel of the constitutional rights he was waiving by entering this plea. During the trial court's explanation of McDaniel's rights, the trial court stated the following: "Also, you're waiving your right to bring in your own witnesses to subpoena those witnesses if necessary, to come in as a part of your defense. Do you understand you are waiving that right?" Transcript of November 5, 2009 Hearing at 6.

{¶5} The trial court made no mention of court costs when considering whether to accept McDaniel's guilty plea. The trial court also made no mention that it was empowered to order McDaniel to perform community service in the event that he was

unable to pay the court costs. Immediately after accepting McDaniel's plea of guilty, the trial court held a sentencing hearing and sentenced McDaniel to a nine-year sentence for his aggravated robbery conviction. During the sentencing phase of the hearing, the trial court stated: "[McDaniel] is further ordered to pay all court costs for which execution is awarded in accordance with Revised Code 2947.23[.]" Transcript of November 5, 2009 hearing at 10.

{¶6}     McDaniel appeals the judgment of the trial court and assigns the following errors for our review: I. "[McDaniel] was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea. (Plea and Sentencing Hearing Transcript, pp. 3-11)." And, II. "The trial court erred when it failed to address the imposition of court costs in open court, and then included such costs in [McDaniel's] sentencing entry. (November 5, 2009 Guilty Plea and Judgment Entry of Conviction and Sentence; Plea and Sentencing Hearing Transcript, pp. 1-14)."

II.

{¶7}     McDaniel first contends that the trial court failed to ensure that his guilty plea was a knowing, intelligent, and voluntary waiver of his constitutional rights. Specifically, McDaniel contends that the trial court both failed to adequately explain his right to compulsory process and failed to explain the maximum potential sentence.

{¶8}     In determining whether to accept a guilty plea, the trial court must determine whether the defendant's plea was made knowingly, intelligently, and voluntarily. See *State v. Johnson* (1988), 40 Ohio St.3d 130, at syllabus; Crim.R. 11(C). "In considering

whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Eckler*, Adams App. No. 09CA878, 2009-Ohio-7064, at ¶48 (quotations omitted). Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). See *State v. Morrison*, Adams App. No. 07CA854, 2008-Ohio-4913, at ¶9.

**{¶9}** In part, Crim.R. 11(C)(2) provides: "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶10}** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]

**{¶11}** "* * *

**{¶12}** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

**{¶13}** "Substantial compliance with the provisions of Crim.R. 11(C)(2)(a) and (b) is sufficient to establish a valid plea." *State v. Vinson*, Franklin App. No. 08AP-903, 2009-Ohio-3240, at ¶6, citing *State v. Mulhollen* (1997), 119 Ohio App.3d 560, 563; see, also, *State v. Nutt*, Ross App. No. 06CA2927, 2007-Ohio-3032, at ¶12. "Substantial

compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived." *Vinson* at ¶6, citing *State v. Carter* (1979), 60 Ohio St.2d 34, 38; see, also, *Morrison* at ¶9. However, "[a] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus. See, also, *State v. Ballard* (1981), 66 Ohio St.2d 473, at paragraph one of the syllabus. "Appellant need not be advised of those rights in the exact language of Crim.R. 11(C), but he must be informed of them in a reasonably intelligible manner." *Vinson* at ¶6, citing *Ballard*, at paragraph two of the syllabus.

**{¶14}** A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. See *State v. Stewart* (1977), 51 Ohio St.2d 86, 93; Crim.R. 52(A). "The test is whether the plea would have otherwise been made." *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *State v. Corbin*, 141 Ohio App.3d 381, 386, 2001-Ohio-4140.

**{¶15}** McDaniel contends that two errors on the part of the trial court indicate that the trial court failed to comply with the requirements of Crim.R. 11.

**{¶16}** First, McDaniel claims that the trial court failed to adequately explain McDaniel's right to compulsory process. As noted above, the trial court is obliged to use words that reasonably explain the constitutional rights that a defendant's guilty plea

waives.  At the hearing, the trial court characterized McDaniel's right to compulsory process as follows: "you're waiving your right to bring in your own witnesses to subpoena those witnesses if necessary, to come in as a part of your defense.  Do you understand you are waiving that right?"

**{¶17}**     The gist of McDaniel's argument seems to be that this question did not sufficiently inform him that he could compel witnesses to testify.  McDaniel cites no cases directly on point for his contention that the above passage does not reasonably inform a defendant of his right to compulsory process.  And our review of Ohio cases indicates that other courts have found similar statements sufficient.  *State v. Ward*, Montgomery App. No. 21044, 2006-Ohio-832, at ¶12 (court's statement that the defendant was giving up his right to have his own witnesses come and testify was "adequate, if less than ideal."); *State v. Anderson* (1995), 108 Ohio App.3d 5, 11-12 (finding that "[y]ou are giving up your right to call witnesses on your own behalf" informed the defendant in a reasonably intelligible manner); *State v. Thomas*, Franklin App. No. 04AP-866, 2005-Ohio-2389, at ¶9 (finding that "right to have your witnesses, should you have any, subpoenaed to the courtroom" informed the defendant in a reasonably intelligible manner).

**{¶18}**     Some districts in Ohio have required the trial court to specifically inform the defendant of the power to compel the attendance of witnesses.  *State v. Gardner*, Lorain App. No. 08CA009520, 2009-Ohio-6505, at ¶9 (court failed to reasonably apprise defendant of his right because it did not inform him that he could use the court's subpoena power to compel witnesses' attendance); *State v. Wilson*, Cuyahoga App. No. 82770, 2004-Ohio-499, at ¶16 ("The trial court must inform a defendant that it has the

power to force, compel, subpoena, or otherwise cause a witness to appear and testify on the defendant's behalf. Otherwise, the logical import of the court's notice is that the *defendant could present such witnesses as he could only secure through his own efforts*.") (emphasis sic); *State v. Parks*, Cuyahoga App. No. 86312, 2006-Ohio-1352, at ¶17 ("This court has held that the use of the word 'subpoena' adequately informs the defendant of his right to compulsory process.").

**{¶19}** Here, we note that even under the more restrictive cases, the trial court's statement is satisfactory because the statement indicates that McDaniel could have had the court issue subpoenas to ensure the presence of witnesses. The gist of the trial court's statement was that McDaniel had the right to subpoena witnesses to testify at any potential trial. We find that this would reasonably apprise an individual of the nature of his constitutional right to compulsory process.

**{¶20}** Second, McDaniel contends that his plea was invalid because the trial court failed to substantially comply with the requirement that the trial court inform the accused of the maximum potential penalty for his offense. Crim.R. 11(C)(2)(a). Here, McDaniel contends that the trial court failed to inform him that he would be obliged to pay court costs and that if he failed to pay court costs, the trial court could order him to perform community service. McDaniel analogizes the failure to mention costs to the failure to advise a defendant of a mandatory term of post release control. McDaniel therefore cites a case from the Supreme Court of Ohio for the principle that his plea is invalid. See *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509.

**{¶21}** However, the Supreme Court of Ohio has recently stated that court "costs are distinct from criminal punishment. '[A]lthough costs in criminal cases are assessed at

sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money.'" *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, at ¶20, quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, at ¶15. Court costs are not punishment and therefore are not part of the "penalty" that the trial court needs to describe under Crim.R. 11(C)(2)(a). Therefore, McDaniel fails to establish that the trial court failed to substantially comply with the requirements of Crim.R. 11(C)(2)(a).

**{¶22}** Accordingly, we overrule McDaniel's first assignment of error.

III.

**{¶23}** In his second assignment of error, McDaniel contends that the trial court erred by failing to orally impose court costs during the sentencing phase of the hearing. The State agrees, and admits that this Court should reverse and remand the matter to the trial court in order for the trial court to consider a waiver of costs due to indigency pursuant to *Joseph*. In *Joseph*, the Supreme Court of Ohio held that the trial court erred by failing to orally impose court costs at the defendant's hearing. *Joseph* at ¶1. The Court then remanded for the limited purpose of allowing the defendant "to move the court for a waiver of the payment of court costs." Id. at ¶23.

**{¶24}** We find this admission from the State anomalous because, during the sentencing portion of the hearing, the trial court stated that "[McDaniel] is further ordered to pay all court costs for which execution is awarded in accordance with Revised Code 2947.23[.]" R.C. 2947.23(A) is the section that mandates the imposition of court costs in all criminal cases.

**{¶25}** We find this case distinguishable from *Joseph* because the trial court orally imposed court costs with specific reference to the relevant section of the Ohio Revised Code.

**{¶26}** Accordingly, we overrule McDaniel's second assignment of error.

IV.

**{¶27}** Having overruled both of McDaniel's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:  _____
         Roger L.  Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**