[Cite as *State v. Frazier*, 2011-Ohio-1137.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA15 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MARK D. FRAZIER, | : | **RELEASED 03/09/11** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, STATE PUBLIC DEFENDER, and Peter Galyardt, ASSISTANT STATE
PUBLIC DEFENDER, Columbus, Ohio, for appellant.

Judy C. Wolford, PICKAWAY COUNTY PROSECUTOR, and Rose K. Vargo,
PICKAWAY COUNTY ASSISTANT PROSECUTOR, Circleville, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}    Mark D. Frazier appeals his conviction and sentence for various drug-

related offenses and having weapons while under disability.  Frazier contends that he

did not knowingly, voluntarily, and intelligently plead guilty to the charges because the

trial court failed to notify him of the maximum penalty for these crimes.  Specifically, he

argues that the court did not tell him that he would have to pay court costs and that if he

failed to pay those costs, the court could order him to perform community service.

However, court costs are not a criminal punishment and are not part of the "penalty" the

court must describe to a defendant under Crim.R. 11(C)(2)(a).  Thus, the trial court was

not obliged to mention them to Frazier as part of the maximum penalty.

{¶2}    Next, Frazier claims that the trial court erred when it imposed consecutive

sentences without making the findings required by R.C. 2929.14(E)(4).  Frazier acknowledges that the Supreme Court of Ohio found this provision unconstitutional and severed it from the Ohio Revised Code in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs three and four of the syllabus.  But he contends that the decision of the Supreme Court of the United States in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 reversed that portion of *Foster* and revived R.C. 2929.14(E)(4).  However, the Supreme Court of Ohio expressly rejected this argument in its recent decision in *State v. Hodge*, Slip Opinion No. 2010-Ohio-6320.

{¶3}    Finally, Frazier contends, and the State concedes, that the trial court committed plain error when it ordered him to pay restitution to the Circleville Police Department to compensate the department for money it voluntarily gave a confidential informant to purchase drugs from Frazier.  Because the expended funds do not constitute a victim's economic loss under R.C. 2929.18(A)(1), we reverse the trial court's restitution order.  Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

I.  Facts

{¶4}    Frazier faced two separate indictments.  In the first one, the grand jury indicted him on one count of aggravated burglary, one count of felonious assault, and one count of attempted theft of drugs – all with firearm specifications.  In the second indictment, the grand jury indicted Frazier on four counts of aggravated trafficking in drugs, one count of having weapons while under disability, and one count of possession of drugs.  Frazier pleaded guilty to all the charges in the second indictment in exchange for the State's agreement to dismiss the first indictment.

{¶5}   The trial court sentenced Frazier to one year in prison for each of the aggravated trafficking in drugs charges, two years in prison for the having weapons while under disability charge, and one year in prison for the possession of drugs charge. The court ordered him to serve the sentences consecutively for an aggregate of seven years in prison. The court also ordered him to pay the Circleville Police Department $684.00 in restitution and ordered him to pay court costs. After the time for appeal expired, Frazier filed a motion for leave to file a delayed appeal, which this Court granted.

## II.  Assignments of Error

{¶6}   Frazier assigns the following errors for our review:

### ASSIGNMENT OF ERROR I

**Mr. Frazier was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea. (Transcript, at 4-12).**

### ASSIGNMENT OF ERROR II

**Mr. Frazier was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court imposed consecutive sentences without making the findings required by R.C. 2929.14(E).  (Transcript at 21).**

### ASSIGNMENT OF ERROR III

**The trial court erred when it ordered Mr. Frazier to pay restitution to the Circleville Police Department, in violation of R.C. 2929.18(A)(1). *State v. Samuels*, 4th Dist. No. 03CA8, 2003-Ohio-6106, ¶10. (Transcript at 22).**

## III.  Validity of Guilty Plea

{¶7}   In his first assignment of error, Frazier contends that his guilty plea was

not knowing, voluntary, and intelligent because the trial court failed to fully apprise him of the maximum penalty for the alleged crimes. In deciding whether to accept a guilty plea, the trial court must determine whether the plea was made knowingly, intelligently, and voluntarily. *State v. McDaniel*, Vinton App. No. 09CA677, 2010-Ohio-5215, at ¶8. "In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards." Id., quoting *State v. Eckler*, Adams App. No. 09CA878, 2009-Ohio-7064, at ¶48. Moreover, a defendant who claims that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court violated Crim.R. 11(C)(2)(a), must demonstrate a prejudicial effect. See *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶14, ¶17. See, also, *McDaniel* at ¶14, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 and Crim.R. 52(A). "The test is whether the plea would have otherwise been made." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶8} "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *McDaniel* at ¶8, citing *State v. Morrison*, Adams App. No. 07CA854, 2008-Ohio-4913, at ¶9. Crim.R. 11(C)(2) provides in part:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

* * *

Because it does not involve constitutional rights, substantial compliance with Crim .R.

11(C)(2)(a) is sufficient for a valid plea.  *Veney* at ¶¶14-15.  See, also, *McDaniel* at ¶13,

citing *State v. Vinson*, Franklin App. No. 08AP-903, 2009-Ohio-3240, at ¶6.

"Substantial compliance means that, under the totality of the circumstances, appellant

subjectively understood the implications of his plea and the rights he waived."  Id.,

quoting *Vinson* at ¶6.

{¶9}    Frazier contends that his plea was invalid because the trial court failed to

substantially comply with the requirement that the trial court inform the accused of the

maximum potential penalty for his offenses under Crim.R. 11(C)(2)(a).  Specifically,

Frazier argues that at the change of plea hearing, the trial court failed to inform him that

he would be obliged to pay court costs and that if he failed to pay those costs, the court

could order him to perform community service under R.C. 2947.23.[1]  Frazier analogizes

the failure to mention costs to the failure to advise a defendant of a mandatory term of

postrelease control.

{¶10}  However, as Frazier acknowledges in his reply brief, this Court recently

addressed these arguments in *McDaniel*, supra.  In that case, we noted that the

Supreme Court of Ohio recently stated that court "costs are distinct from criminal

punishment.  '[A]lthough costs in criminal cases are assessed at sentencing and are

included in the sentencing entry, costs are not punishment, but are more akin to a civil

judgment for money.'"  *McDaniel* at ¶21, quoting *State v. Joseph*, 125 Ohio St.3d 76,

---

[1] The record contains a pro-se letter Frazier sent to the trial court that the court and State interpreted as a pre-sentence motion to withdraw his guilty plea as to the having weapons while under disability charge. Frazier did not base this motion on the court costs argument he raises on appeal, and he does not appeal the trial court's denial of that motion.

2010-Ohio-954, 926 N.E.2d 278, at ¶20, in turn, quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶15.  Therefore, we held that "[c]ourt costs are not punishment and therefore are not part of the 'penalty' that the trial court needs to describe under Crim.R. 11(C)(2)(a)."  *McDaniel* at ¶21.  Thus, Frazier has not shown that the trial court failed to substantially comply with the requirements of Crim.R. 11(C)(2)(a), and we overrule his first assignment of error.

IV.  Validity of R.C. 2929.14(E)(4)

{¶11}  In his second assignment of error, Frazier argues that the trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14(E)(4).  Frazier acknowledges that the Supreme Court of Ohio found this provision unconstitutional and severed it from the Ohio Revised Code in *Foster*, supra, at paragraphs three and four of the syllabus.  However, he contends that the decision of the Supreme Court of the United States in *Oregon v. Ice*, supra, reversed that portion of *Foster* and revived R.C. 2929.14(E)(4).  The *Ice* Court "upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes that requires Oregon's trial judges to make factual findings prior to imposing consecutive sentences." *Hodge*, supra, at ¶3.

{¶12}  In *Hodge*, the Supreme Court of Ohio recognized that "the decision in *Ice* undermines some of the reasoning in the *Foster* decision that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment."  Id. at ¶19.  Nonetheless, the Court found that *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in [*Foster*]."  Id. at paragraph two of the syllabus.  The *Hodge* Court

reasoned that:

> *Ice*'s impact on Ohio law is collateral.  Our decision in *Foster* was not on direct appeal in *Ice*, and *Ice* did not directly overrule *Foster*.  Nearly five years have passed since *Foster* definitively and unequivocally severed the consecutive-sentencing sections, along with other provisions, from the statutory sentencing framework, and ordered resentencing for those defendants whose cases were then on direct appeal.
>
> Numerous defendants have received consecutive sentences that have met all constitutional requirements from trial court judges acting in reliance on *Foster*  * * * and other precedents.  Considering also that 1) judicial fact-finding is not constitutionally required in order to impose consecutive sentences, 2) none of our precedents have given notice to the General Assembly that provisions of the Revised Code that have been held unconstitutional and have been severed would be revived, perhaps many years after their enactment and subsequent invalidation, and 3) other considerations against revival strongly outweigh the considerations in favor of revival, we reject the concept of automatic revival under the circumstances presented here.

Id. at ¶¶37-38.

**{¶13}**  Because the Supreme Court expressly rejected the argument Frazier makes in *Hodge*, we overrule his second assignment of error.

## V.  Restitution Order

**{¶14}**  In his third assignment of error, Frazier contends that the trial court erred under R.C. 2929.18(A)(1) when it ordered him to pay the Circleville Police Department restitution.  Because Frazier failed to object to the restitution order at the trial level, he has waived all but plain error.  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Crim.R. 52(B). "A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights."  *State v. Davis*, Highland App. No. 06CA21, 2007-Ohio-3944, at ¶22, citing *United States v. Vonn* (2002), 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90.

**{¶15}** For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

**{¶16}** R.C. 2929.18(A)(1) states:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * *

**{¶17}** At the sentencing hearing, the State informed the court that Frazier owed

the Circleville Police Department $684, and the court ordered Frazier to pay restitution in that amount. The record contains no explanation about why the department would be entitled to this amount of money. However, Frazier claims that "[o]bstensibly, the restitution was to reimburse the [department] for money it provided to a confidential informant to purchase drugs from Mr. Frazier." (Appellant's Br. 10).

**{¶18}** Frazier argues that under these circumstances, the department is not a "victim" of his crimes under R.C. 2929.18(A)(1) based on this Court's decision in *State v. Samuels*, Washington App. No. 03CA8, 2003-Ohio-6106. There, we explained that a "victim" is "generally defined as the person who was 'the object' of the crime-e.g. the victim of the robbery is the person who was robbed." *Samuels* at ¶5, citing Black's Law Dictionary (5th Ed.1979) 1405. We held that a law enforcement agency is not a "victim" under R.C. 2929.18(A)(1) when it voluntarily spends its own funds to pursue a drug buy through an informant. *Samuels* at ¶5, ¶10. Thus, those expended funds cannot constitute a "victim's economic loss" under the statute. And we found that the trial court committed plain error when it ordered the defendant to pay restitution for such expenditures because the restitution was not authorized by statute. *Samuels* at ¶9. Although *Samuels* interpreted a former version of R.C. 2929.18(A)(1), we applied the holding in that case to the current version of the statute in *State v. Montgomery*, Adams App. No. 07CA858, 2008-Ohio-4753, at ¶11, to conclude that a county sheriff's department was not a "victim" since it voluntarily spent its own funds to purchase drugs from the defendant.

**{¶19}** The State concedes that the trial court committed plain error based on this Court's holdings in *Samuels* and *Montgomery*. Thus, the State concedes that the

restitution amount did represent compensation for funds the department expended to buy drugs from Frazier through an informant and that R.C. 2929.18(A)(1) does not permit a restitution order under such circumstances.  Therefore, we conclude the order of restitution to the police department amounts to plain error.  Accordingly, we sustain Frazier's third assignment of error, reverse the restitution order, and remand for further proceedings.

## VI.  Summary

{¶20}  We overrule Frazier's first and second assignments of error.  We sustain his third assignment of error, reverse the order of restitution, and remand for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
　　　William H. Harsha, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**