[Cite as *State v. Collett* , 2011-Ohio-4625.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :  Case No. 10CA905
                                        :
    vs.                                 :  **Released: September 2, 2011**
                                        :
JEREMY COLLETT,                         :  <u>DECISION AND JUDGMENT</u>
                                        :  <u>ENTRY</u>
    Defendant-Appellant.                :

_____

<u>APPEARANCES</u>:

Lisa Rothwell, West Union, Ohio, for Appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County
Assistant Prosecutor, West Union, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant Jeremy Collett appeals his conviction in the Adams County

Court of Common Pleas after pleading guilty to one count of assault, a felony of

the fourth degree in violation of R.C. 2903.13(A).  Appellant raises one assignment

of error, arguing he did not knowingly, voluntarily, and intelligently enter his

guilty plea.  Having reviewed the record, we find no error in the trial court's

acceptance of Appellant's plea and overrule Appellant's sole assignment of error.

As such, we affirm the trial court's judgment.

FACTS

{¶2} On May 5, 2010, Sergeant Steve Spratt ("Sgt. Spratt") of the Seaman, Ohio Police Department was dispatched to an altercation involving multiple persons.  Upon arriving at the scene, Sgt. Spratt observed Appellant striking a juvenile.  Sgt. Spratt placed Appellant in handcuffs and began leading him to the police cruiser, but released his grip on Appellant when a female began striking another individual.  As Sgt. Spratt was restraining the female and attempting to place her in handcuffs, Appellant approached Sgt. Spratt from behind and began head butting him.  When Sgt. Spratt fell to the ground, Appellant started kicking him and another person had to stop Appellant's attack.

{¶3} As a result, the Adams County grand jury indicted Appellant on one count of assault, a felony of the fourth degree.  R.C. 2903.13(A) and (C)(3).  At the arraignment, Appellant notified the trial court that he only had an eighth grade education and had some difficulty reading and writing.

{¶4} During a subsequent motion to modify bond, Appellant stated his belief that he was not on any form of community control or parole.  The trial court consulted with an employee from its community control department and informed Appellant he was actually still on community control from a previous case.

{¶5} Appellant agreed to plead guilty to the sole count in the indictment in exchange for the state not recommending a prison sentence. Appellant accordingly

pled guilty and the trial court ordered Appellant to serve a prison sentence of 16 months. Appellant now claims his plea was not knowing, voluntary, and intelligent because the court failed to adequately explain the potential consequences of entering a guilty plea.

ASSIGNMENT OF ERROR

I.    "THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS IN VIOLATION OF THE UNITED STATE'S CONSTITUTION AND THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED THE DEFENDANT'S GUILTY PLEA AS IT WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE."

ANALYSIS

{¶6} Appellant contends that the trial court erred in accepting his plea because he was confused as to whether he was still on community control as a sanction from a previous case. Appellant also submits because the court was aware of his limited education and partial literacy, it should have ensured that he fully understood the implications of his plea agreement in light of his outstanding community control. However, everything in the record indicates that the trial court adequately explained all required matters to Appellant and we overrule Appellant's sole assignment of error.

{¶7} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States

Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, quoting *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450.  "In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards."  (Internal quotations omitted.)  *State v. McDaniel,* 4th Dist. No. 09CA677, 2010-Ohio-5215, at ¶8, quoting *State v. Eckler,* 4th Dist. No. 09CA878, 2009-Ohio-7064, at ¶48.

{¶8} "'The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea * * *.'" *State v. Pigge*, 4th Dist. No. 09CA3136, 2010-Ohio-6541, at ¶16, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶29.  See, also, *State v. Ballard* (1981), 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (stating "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty").  The trial court need only "'explain[ ] or refer[ ]' to the Crim.R. 11(C) protections 'in a manner reasonably intelligible to that defendant.'"  *Pigge* at ¶16, quoting *Ballard* at 479.

{¶9} Here, Appellant highlights his limited education and semi-literacy, but fails to demonstrate how the trial court's colloquy with him, before the court accepted his plea, was lacking. The record reveals that the trial court went to great lengths to insure Appellant knew and understood the potential consequences of entering a guilty plea, and Appellant assured the court he did.

{¶10} It is true that Appellant was confused about whether he was still on community control from a previous case. (Tr. at 6-7.) To alleviate this confusion, the court asked Ms. Regina Hall from the community control department to confirm that Appellant was still on community control. (Tr. at 7-8.) Ms. Hall testified that Appellant was still on community control from his previous case, and Appellant acknowledged he understood this. (Tr. at 8.)

{¶11} Then, because the trial court was unsure of the length of Appellant's suspended sentence from the previous case, it ordered the retrieval of the court's file from that case so Appellant could make "an informed decision" of whether to change his plea. (Tr. at 8.) While the file was being located, the trial court informed Appellant that a guilty plea in the current case may be used as a basis for revoking his community control in the previous case. (Tr. at 9.) Once presented with the file, the court informed Appellant that the suspended sentence from the previous case was 12 months, and again, he could face a motion to revoke community control in that previous case as a result of pleading guilty in this case.

(Tr. at 13.)  Appellant stated he understood this.  (Tr. at 13.)  The court explained that even if it sentenced Appellant to community control in the instant case, it could still revoke his community control in the previous case, which Appellant understood.  (Tr. at 13-14.)  Thus, the trial court fully explained to Appellant the potential impact of his plea upon his existing community control.

{¶12} The trial court explained to Appellant the possibility of placing him on community control in the instant case and what that would entail, great detail, which Appellant acknowledged he understood.  The trial court strictly adhered to Crim.R. 11(C) when it explained Appellant's rights to him, and it also went beyond the language of the rule when it explained Appellant's rights in a manner he understood.  When the trial court asked Appellant whether he needed to clarify anything with his attorney, Appellant not only answered in the negative, but he thanked the court for its thorough explanation:

"COURT:            * * * Do you have any matters that you need to talk to your attorney, that you need to clear up?

"[APPELLANT]:  No, I guess not sir.  I mean everything, you know, sounds great, and I mean, you've explained everything to me, so.

"COURT:            Okay.  Mr. Collett, is there anything that you and I have discussed in open [c]ourt today that you did not fully and completely understand?

"[APPELLANT]: You've pretty well, you know, explained everything to a tee to me, that way I can understand, so I appreciate that sir."
(Tr. at 26.)

{¶13} Finally, when the trial court asked Appellant to execute the written change of plea form, it noted Appellant's difficulty with reading and asked that he take as much time as needed to review the form with his attorney. Neither Appellant nor his counsel indicated any problems understanding the form and Appellant acknowledged that he understood its contents and signed it.

{¶14} In our view, the record indicates Appellant's plea was knowing, voluntary, and intelligent. Although Appellant had a limited formal education, he indicated that he understood everything the court discussed. The trial court had explained matters to Appellant so well, in fact, that Appellant thanked the court for doing so. Regarding Appellant's difficulty with reading, the only document Appellant had to read was the change of plea form, with which his counsel assisted. Appellant acknowledged that he understood the form and signed it.

{¶15} Having considered the totality of the circumstances, we find that Appellant's plea of guilty was voluntary, knowing, and intelligent, and we overrule Appellant's sole assignment of error.

**JUDGMENT AFFIRMED**.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**