[Cite as *State v. Norman*, 2023-Ohio-4613.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2023-0032 |
| RYAN NORMAN | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-00371 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 14, 2023 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| RON WELCH, ESQ.<br>Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43702 | CHRIS BRIGDON<br>8138 Somerset Road<br>Thornville, Ohio 43076 |

*Hoffman, P.J.*

{¶1}   This matter comes before the Court on the *Anders* brief filed by counsel for defendant-appellant Ryan Norman, after the trial court found him guilty of three counts of endangering children, following his guilty plea to the same.

## STATEMENT OF THE CASE

{¶2}   On August 11, 2022, the Muskingum County Grand Jury indicted Appellant on three (3) counts of endangering children (prior offense), in violation of R.C. 2919.22(B)(2), felonies of the second degree; three (3) counts of endangering children, in violation of R.C. 2919.22(A), felonies of the third degree; three (3) counts of abduction, in violation of R.C. 2905.02(A)(2), felonies of the third degree; three (3) counts of domestic violence (prior offense), in violation of R.C. 2919.25(A), felonies of the fourth degree; one (1) count of corrupting another with drugs (marijuana), in violation of R.C. 2925.02(A)(4)(b), a felony of the fourth degree; one (1) count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree; six (6) counts of kidnapping, in violation of R.C. 2905.01(A)(3), felonies of the first degree; and one (1) count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.  At his arraignment on December 28, 2022, Appellant entered a plea of not guilty to the Indictment.

{¶3}   Appellant appeared before the trial court on February 22, 2023, withdrew his former plea of not guilty, and entered a plea of guilty to three (3) counts of endangering children (prior offense), in violation of R.C. 2919.22(B)(2), felonies of the second degree, as set forth in Counts One through Three of the Indictment.  Pursuant to plea negotiations, the state agreed to dismiss the remaining counts against Appellant.  Following a Crim. R. 11 colloquy, the trial court found Appellant understood the nature of the charges against

him, the effect of a guilty plea, and the maximum penalty which could be imposed for each of the offenses to which he pled guilty.  The trial court further found Appellant voluntarily entered the plea.  The trial court accepted the plea and found Appellant guilty.

**{¶4}**   At the sentencing hearing on April 12, 2023, the trial court imposed a minimum prison term of four (4) years to an indefinite term of six (6) years on Count One, a stated prison term of four (4) years on Count Two, and a stated prison term of four (4) years on Count Three.  The trial court ordered the sentences to be served consecutively to one another for an aggregate minimum prison term of twelve (12) years to an indefinite prison term of fourteen (14) years.  The trial court memorialized Appellant's sentence via Entry filed April 13, 2023.  After this Court granted his motion to file appeal out of rule, Appellant filed his Notice of Appeal on May 22, 2023.

**{¶5}**   On August 22, 2023, counsel for Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there are no meritorious issues for appeal and thus, these matters are wholly frivolous.  Counsel did not set forth any potential assignments of error, but included two subsections which we shall consider as potential assignments of error:

CHANGE OF PLEA HEARING

SENTENCING HEARING

*Anders v. California*

**{¶6}**   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that

could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7}   "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17 (quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

{¶8}   Counsel for Appellant included a Certificate of Service, verifying he served Appellant with a copy of the brief.  This Court issued a judgment entry notifying Appellant his counsel filed an *Anders* brief, and informing Appellant he could file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief and this Court has not received a responsive brief from the state.

**{¶9}**  We now turn to the potential assignments of error.

I

**{¶10}**  In the subsection captioned "Change of Plea Hearing," counsel for Appellant reviews a potential argument Appellant's guilty plea was not knowingly, intelligently, and voluntarily entered.

**{¶11}**  In deciding whether to accept a plea, a court must determine whether a defendant is making the plea knowingly, intelligently, and voluntarily. *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, 2010 WL 4258622, ¶ 8. "In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *Id.* (Internal quotations and citations omitted).

**{¶12}**  "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *McDaniel*, supra at ¶ 8, citing *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, 2008 WL 4368206, ¶ 9.

**{¶13}**  Crim. R. 11(C)(2) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} We have reviewed the transcript of the Crim. R. 11 plea colloquy and find the trial court advised Appellant of the nature of the charges, the minimum and maximum penalties involved, the mandatory nature of the sentence, and the post-release control requirements. The trial court also informed Appellant of the effects of a guilty plea and the rights he would be waiving as a result of his plea. Appellant confirmed his understanding of the trial court's advisements.

{¶15} We agree with appellate counsel there is no merit to an argument Appellant's plea was not knowingly, intelligently, and voluntarily entered.

II

{¶16} In the subsection "Sentencing Hearing," counsel reviews a potential challenge to Appellant's sentence.

**{¶17}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶18}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶19}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶20}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶21}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶22}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶23}** Upon our review of the record, we find Appellant's sentence is not clearly and convincingly contrary to law. The trial court considered the principles and purposes of R.C. 2929.11, and the factors set forth in R.C. 2929.12. The sentences were within the permissible statutory ranges. We agree with appellate counsel there is no merit to a potential challenge to Appellant's sentence.

{¶24} For these reasons, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶25} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, P.J.
Wise, J.  and
Baldwin, J. concur