[Cite as *State v. Barner*, 2012-Ohio-4584.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY[1] |
| | : | |
| DAVID A. BARNER, | : | |
| | : | **RELEASED 07/05/12** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, State Public Defender and Peter Galyardt, Assistant State Public Defender, Columbus, Ohio, for appellant.

Colleen Williams, Meigs County Prosecutor, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecutor, Pomeroy, Ohio, for appellee.

_____

Harsha, J.

{¶1}  David Barner appeals his convictions for multiple sexual offenses.  Barner contends that he did not knowingly, voluntarily, and intelligently plead guilty to the offenses because the trial court failed to inform him of the maximum penalty for each charge.  He acknowledges that at the judge's direction, the prosecutor explained these penalties to him in open court during the change of plea hearing.  However, Barner argues that Crim.R. 11(C)(2)(a) obligates the judge to personally explain the penalties and does not permit the judge to delegate this responsibility.  We disagree.  The rule only requires that the judge personally address the defendant to ensure he understands the maximum penalties.  Although the rule implies that before the maximum penalty can be understood it must be explained, nothing in the rule prohibits the prosecutor from

---

[1] We previously dismissed this appeal for Barner's failure to comply with an order of this court and to prosecute this case.  Subsequently, we granted Barner's App.R. 26(A) application for reconsideration.

explaining it in open court.  Rather the rule simply requires the court to address the defendant to ensure the defendant understands the maximum possible penalty.  Here, after the prosecutor announced the penalties, the trial judge asked Barner if he understood them, and Barner stated that he did.  Because the court confirmed that Barner understood the maximum penalties before accepting his guilty pleas, the court substantially complied with Crim.R. 11(C)(2)(a).

{¶2}    Next, Barner argues that the trial court abused its discretion when it denied his pre-sentence motion to withdraw his pleas.  Barner argues that he did not understand that by pleading guilty, he could not appeal "aspects of his case that occurred before his pleas of guilty."  However, before the court accepted his pleas, Barner signed a statement that he understood his "limited appellate rights."  Nor does the record support Barner's contention that the court applied the wrong legal standard in denying the motion.  Moreover, the record shows that: 1.) Barner received a full Crim.R. 11 hearing; 2.) the court conducted a full hearing on the withdrawal motion; 3.) the court gave full and fair consideration to the motion; 4.) Barner understood the nature of the charges and the possible penalties; and 5.) Barner did not file his motion within a reasonable time.  Barner does not argue that he was represented by incompetent counsel at the change of plea hearing and does not claim that he was not guilty or had a complete defense to the charges.  And the mere fact that the State would not be prejudiced if the court granted his motion is not dispositive.  Because the trial court's decision to deny the motion was not unreasonable, unconscionable, or arbitrary, we affirm the judgment below.

I.  Facts

**{¶3}** In case number 09-CR-003, a grand jury indicted Barner on two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, two counts of sexual battery, and two counts of gross sexual imposition. In case number 09-CR-114, Barner was charged in a bill of information with one count of pandering obscenity involving a minor. The trial court never officially consolidated these cases.

**{¶4}** The trial court entered a nollee prosequi on the sexual battery charges, and Barner pleaded guilty to the remaining charges. The court immediately sentenced Barner in 09-CR-114 but scheduled sentencing in 09-CR-003 for a later date. Before the second sentencing hearing, Barner filed a pro se motion to withdraw his guilty plea in 09-CR-114 based on ineffective assistance of counsel. At a hearing, the parties and court treated Barner's motion as one to withdraw his pleas in both cases and acted as if the cases had been consolidated. They considered Barner's motion as a pre-sentence motion to withdraw all of his guilty pleas (because the trial court had not yet sentenced him on the 09-CR-003 charges, making his sentence in 09-CR-114 interlocutory) instead of treating it as a post-sentence motion to withdraw his plea in 09-CR-114. The court denied Barner's motion, stating:

> The defendant does not have an absolute right to withdraw his guilty plea's [sic] prior to sentencing. To determining [sic] if the defendant should be allowed to withdraw a plea of guilty prior to sentencing the trial court conducted the hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. The defendant did not meet his burden and the Court found no reasonable or legitimate basis for the withdrawal of the plea. (Footnotes omitted.)

**{¶5}** This appeal followed.

## II. Assignments of Error

**{¶6}**   Barner assigns two errors for our review:

### ASSIGNMENT OF ERROR I

**David Barner was deprived of his right to due process when the trial court accepted unknowing, unintelligent, and involuntary guilty pleas.  Fourteenth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution.  (August 27, 2009 Transcript, at 4-10).**

### ASSIGNMENT OF ERROR II

**The trial court abused its discretion when it denied Mr. Barner's November 23, 2009 motion to withdraw his guilty pleas.  (March 1, 2010 Transcript, at 4-27); (April 15, 2010 Entry).**

### III.  Explanation of Maximum Penalties

**{¶7}**   In his first assignment of error, Barner contends that his guilty pleas were not knowing, voluntary, and intelligent because the trial judge did not explain to him the maximum penalty for each offense before accepting his pleas.  In deciding whether to accept a guilty plea, the trial court must determine whether the plea was made knowingly, intelligently, and voluntarily.  *State v. McDaniel*, 4th Dist. No. 09CA677, 2010-Ohio-5215, ¶ 8.  "'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards.'"  (Emphasis sic.)  *Id.*, quoting *State v. Eckler*, 4th Dist. No. 09CA878, 2009-Ohio-7064, ¶ 48.

**{¶8}**   "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)."  *McDaniel* at ¶ 8, citing *State v. Morrison*, 4th Dist. No. 07CA854, 2008-Ohio-4913, ¶ 9.  Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

* * *

Because it does not involve constitutional rights, substantial compliance with Crim.R. 11(C)(2)(a) is sufficient for a valid plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. "'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.'" *McDaniel* at ¶ 13, quoting *State v. Vinson*, 10th Dist. No. 08AP-903, 2009-Ohio-3240, ¶ 6.

{¶9}    As the Supreme Court of Ohio explained in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32:

When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice." (Emphasis sic.) (Citations omitted.)

{¶10} Barner acknowledges that the trial court explained to him the maximum aggregate penalty for his crimes at the change of plea hearing. However, he complains that the trial judge did not personally explain the maximum penalty for each individual charge. Instead, the prosecutor did this in open court at the trial court's direction. Barner contends that his plea was invalid because Crim.R. 11(C)(2)(a) requires the trial

judge to personally give the defendant this information and does not permit the judge to delegate that duty to the prosecutor. He claims that because the trial court completely failed to comply with Crim.R. 11(C)(2)(a), we must presume prejudice and vacate his pleas. And he cites the fact that the prosecutor and his Petition to Enter a Plea of Guilty overstated the maximum penalty for one of the charges as evidence of the "overall imprecision that surrounded the proceedings in this case." (Appellant's Br. 8).

{¶11} As we already concluded, Crim.R. 11(C)(2)(a) obligates the trial court to address the defendant personally before accepting a plea and determine that the defendant understands the maximum penalties involved. However, nothing in the rule prohibits the trial court from designating another person, such as the prosecutor, to recite the penalties to the defendant in the trial judge's presence and then asking the defendant if he understands them. There is no reason why a defendant could not understand the maximum penalties he faces simply because the prosecutor recites them instead of the trial judge. The rule Barner advocates elevates form above substance.

{¶12} Barner cites *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990) for the proposition that "the trial court must personally inform the defendant of the constitutional and nonconstitutional rights that he waives as a result of pleading guilty." (Appellant's Br. 6). Although the Supreme Court of Ohio did indicate that the trial court must personally advise the defendant of the matters listed in Crim.R. 11(C)(2)(a), see *Nero* at 107, we find *Nero*, which involved the clause related to probation eligibility, distinguishable from this case. In *Nero*, no one advised the defendant about his ineligibility for probation in open court. So the *Nero* Court did not address whether a

prosecutor could advise the defendant in the court's presence, and the court could then personally address the defendant to ensure he understood the prosecutor's statements. In other words, the *Nero* Court did not address the trial court's ability to delegate its responsibilities under Crim.R. 11(C)(2)(a).

{¶13} Here, the trial court had the prosecutor inform Barner of the maximum penalties for each charge in open court. As the prosecutor did so, the trial judge repeatedly addressed Barner and asked whether he understood the penalties. And Barner repeatedly stated that he did. Barner's Petition to Enter a Plea of Guilty and the prosecutor misstated the maximum penalty for one of his fourth-degree felony charges for pandering sexually oriented matter involving a minor as eight years when it was only eighteen months. R.C. 2929.14(A)(4). However, the trial court corrected the misstatement during the change of plea hearing, further demonstrating the court's diligence in ensuring Barner understood the maximum penalty for his individual crimes. Furthermore, it is hard to see how Barner could have been prejudiced by an overstatement of the penalties, i.e., that he would not have pled guilty if the penalty was explained correctly.

{¶14} Finally, it is clear that Barner understood the possible penalties he faced. Again, the prosecutor explained them in open court, and Barner repeatedly acknowledged that he understood them. In his petition to enter his guilty pleas, Barner also represented to the trial court that he understood the maximum penalties he faced. Moreover, Barner does not argue that he did not understand the penalties. Because the trial court personally addressed him and ensured that he understood the maximum penalties he faced prior to accepting Barner's guilty pleas, we hold that the trial court

substantially complied with Crim.R. 11(C)(2)(a).  Accordingly, we overrule Barner's first assignment of error.

### IV.  Motion to Withdraw Guilty Pleas

**{¶15}**  In his second assignment of error, Barner contends that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas.  As we explained above, the trial court never consolidated Barner's cases.  Nonetheless, because the parties and trial court treated Barner's motion as a pre-sentence motion to withdraw all of his guilty pleas, we will do the same.

**{¶16}**  Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  "'[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.'"  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.  A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *Xie* at paragraph one of the syllabus.

**{¶17}**  A trial court possesses discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the court's decision absent an abuse of that discretion.  *See Xie* at paragraph two of the syllabus.  The phrase "abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  Furthermore, "[w]hen applying

the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶18} We have set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: "'(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.'" *State v. Campbell*, 4th Dist. No. 08CA31, 2009-Ohio-4992, ¶ 7, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001). Other considerations include: "'(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.'" *Id.*, quoting *McNeil* at 176. However, a change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Id.*, citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶19} Barner contends that he did not receive a full Crim.R. 11 hearing because the trial judge failed to personally explain the maximum penalty for each charge. However, we already determined that the trial court satisfied its obligation under that rule to ensure Barner understood the maximum penalties he faced. Moreover, the transcript from the change of plea hearing demonstrates that Barner received a full

Crim.R. 11 hearing in all other respects.

{¶20} Barner also argues that he did not receive a full hearing on the motion to withdraw and that the trial court did not give full and fair consideration to his motion. Barner appears to premise this argument on two complaints. First, Barner complains that the trial court applied the wrong legal standard when it ruled on his motion. He contends that the trial court denied his motion because the court concluded he did not meet the standard for ineffective assistance of counsel claims instead of determining whether he had a reasonable and legitimate basis for withdrawing his pleas.

{¶21} The record does not support Barner's argument that the court applied the wrong legal standard. Although Barner attempts to base his argument on statements by the court at the hearing on his motion, "[a] court speaks through its journal entries." *In re J.F.*, 121 Ohio St.3d 76, 2009-Ohio-318, 902 N.E.2d 19, ¶ 25. And in its journal entry denying Barner's motion, the trial court makes no mention of the standard for ineffective assistance of counsel. Instead, the court accurately stated that it had to determine whether Barner had a reasonable and legitimate basis for withdrawing his pleas, and held that he did not.

{¶22} Moreover, contrary to Barner's contention, the trial court made no statements at the hearing on his motion to withdraw his pleas that suggest the court applied the wrong standard. At the hearing, the State correctly argued that the court had to determine whether Barner had a "reasonable and legitimate basis" for withdrawing his pleas. Then the State argued, without objection, that because Barner claimed he received ineffective assistance of counsel, the court should apply the standard of review for such claims to his motion. However, the trial court gave no

indication that it agreed with the State's position.  Later in the hearing, the following

exchange occurred on pages 20-21 of the transcript, which Barner cites as evidence the

court used the wrong standard:

> [PROSECUTOR]:     * * * Mr. Barner is not even close to have met his burden in this particular case and in his motion, he just asserted ineffective assistance of counsel.  Your Honor, here at the hearing, he's come up with some additional grounds.  Nonetheless, Your Honor, he doesn't meet the burden.  Mr. Barner got to prison, you know, was convicted pedophile; decided he didn't like prison; decided to file a motion on ineffective assistance of counsel, as the Court will recall and as the record indicates and is filed in this record, an extensive *(inaudible)* was had.  That *(inaudible)* was followed extensively.  The defendant had all of his rights protected; signed a seven-page, or no, Your Honor, multi-page document and he was advised as is contained in all the Court's records.  August 27, 2009, it was an eight-page document, Your Honor, petition to enter a plea of guilty.  He also entered a plea of guilty to the indicted charges and a bill of information, Your Honor.  The idea… And he received the recommendation *(inaudible)* and had two counts dismissed.  And that's all contained in the Court's record, Your Honor.  The idea that counsel was somehow ineffective is, you know, speculative at best, ludicrous at worst, Your Honor.
>
> THE COURT:  Alright.  Prepare a journal entry, Mr. Prosecutor.  I tend to side with you * * *

**{¶23}**  Although the prosecutor mentioned the phrase "ineffective assistance of

counsel" during this exchange, he did not mention the standard of review for such

claims.  Therefore, we do interpret the court's statement that it tended to "side with" the

prosecutor as an endorsement of the prosecutor's earlier argument that the ineffective

assistance standard applied.  Barner also claims that the court applied the wrong

standard on page 26 of the hearing transcript, but no discussion of the standard for

deciding Barner's motion occurred at that time.

**{¶24}**  Second, Barner appears to argue that he did not receive a full hearing on

the motion to withdraw and that the trial court did not give full and fair consideration to

the motion because: "[T]he State used the hearing as an opportunity to try its case. It aggressively cross-examined Mr. Barner on issues outside of his proposed reasonable and legitimate basis for withdrawing his guilty pleas, and called the investigating detective in the case to detail the evidence against Mr. Barner." (Appellant's Br. 11). However, Barner fails to explain how these matters prevented him from getting a full hearing or prevented the trial court from giving full and fair consideration to his motion.

{¶25} Barner also argues that he filed his motion within a reasonable time. However, he waited until November 23, 2009, the day he was to be sentenced in 09-CR-003, to file it. This date was nearly three months after he entered his pleas and the court sentenced him in 09-CR-114.

{¶26} In addition, Barner claims that he gave the trial court a specific reason for the withdrawal, i.e., "he did not understand before pleading guilty that he would not be able to challenge on appeal aspects of his case that occurred before his pleas of guilty." (Appellant's Br. 12). In the "Argument" portion of his brief, Barner does not elaborate on what aspects of the case he wanted to appeal. In his "Statement of the Case and Facts," Barner indicates he wanted to challenge the search warrant for his home but does not explain why he thought the warrant was improper. (Appellant's Br. 3). At the hearing on his motion, Barner claimed he "was never told that * * * [his] chances for appeal went down with taking this plea." And more specifically, Barner told the court he anticipated appealing the fact that police did not allow him or his family to witness the execution of the search warrant. He also complained that the inventory of items seized was too general.

{¶27} However, in his Petition to Enter a Plea of Guilty, Barner stated: "I

understand my right to appeal a maximum sentence, *my other limited appellate rights*

and that any appeal must be filed within 30 days of my sentence." (Emphasis added.)

Thus Barner knew his appellate rights were limited if he pleaded guilty to the charges

against him. Moreover, Barner does not argue that he was represented by incompetent

counsel at the change of plea hearing. And he does not contend that he was not guilty

or had a complete defense to the charges.

{¶28} Next, Barner contends that the court abused its discretion because

allowing him to withdraw his pleas would not prejudice the State. While this is an

"important factor[ ] in determining whether to allow a presentence motion to withdraw a

guilty plea," it is not dispositive. *State v. Fairrow*, 4th Dist. No. 05CA2856, 2006-Ohio-

503, ¶ 18, citing *State v. Littlefield*, 4th Dist. No. 03CA2747, 2004-Ohio-5996, ¶ 12.

Because none of the other considerations outlined above support a conclusion that the

trial court's decision to deny Barner's motion was unreasonable, unconscionable or

arbitrary, we hold that the court did not abuse its discretion. Accordingly, we overrule

Barner's second assignment of error.

V. Summary

{¶29} Having overruled each of the assignments of error, we affirm the trial

court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**