[Cite as *State v. Cole*, 2015-Ohio-3793.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26122 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-1120 |
| | : | |
| BLAKE A. COLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, Flanagan, Lieberman, Hoffman & Swaim, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Blake Cole appeals from his conviction for rape of a child under the age

of 10. We affirm in part and reverse in part.

## I. Background

{¶ 2} Cole was 19 years old at the time of the offense. He has a rare congenital condition known as Cockayne Syndrome and is developmentally disabled. After being indicted, Cole filed a motion for a competency examination as well as a motion to plead not guilty by reason of insanity.

{¶ 3} Cole was examined by clinical psychologist Dr. Scott T. Kidd for competency and his mental condition at the time of the offense. Dr. Kidd concluded that Cole was competent to stand trial and that he was sane at the time he committed the offense. Dr. Kidd's written reports (one concerning mental condition, the other competency) state that Cole has several health problems. Cole's primary condition, Cockayne Syndrome, is a progressive condition that causes the slow deterioration of the kidneys, liver, heart, nervous system, lungs, and vision. The condition also causes microcephaly.[1] Cole has been diagnosed with attention deficit/hyperactivity disorder, an anxiety disorder, and a seizure disorder. Dr. Kidd's report also states that Cole was given an intelligence test. His score on the test corresponds to an IQ-test score of 57, which the report says is within the "mild mental retardation range." But the report notes that the score may not represent Cole's true intellectual abilities, because at the beginning of the test Cole appeared tired and during the test he was distracted by activity outside the test room. He also responded to questions inconsistently, making an effort on some questions but giving up quickly and passing on more difficult questions. According to Dr. Kidd's competency report, Cole was

---

[1] "Abnormal smallness of the head, a congenital condition associated with incomplete brain development." Oxford University Press, Oxford Dictionaries, available at http://www.oxforddictionaries.com/us/definition/american_english/microcephaly (accessed September 03, 2015).

given the *Georgia Court Competency Test - 1992 Revision*, which is used to assess understanding of court procedures and pending charges and to assess the ability to participate in a defense. Out of a possible score of 100, a score of 70 indicates competence. Cole scored 92.

{¶ 4} After reviewing Dr. Kidd's reports, defense counsel requested a second opinion, which the trial court ordered. Cole was then evaluated by another clinical psychologist, Dr. Thomas O. Martin. Like Dr. Kidd, Dr. Martin concluded that Cole was competent to stand trial and was not legally insane at the time of the offense. Dr. Martin also filed written reports on Cole's competency to stand trial and his mental condition at the time of the offense. The competency report states that Dr. Martin gave Cole the *Competence Assessment for Standing Trial for Defendants with Mental Retardation*, which serves the same basic purpose as the competency test given by Dr. Kidd. Out of a possible score of 50, Cole scored 48.

{¶ 5} At a competency hearing, defense counsel stipulated that Cole was competent. The trial court then found him competent, based on the psychologists' reports. Cole pleaded no contest to the rape charge and was sentenced to prison for 15 years to life.

{¶ 6} Cole appealed. His appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that counsel was unable to find any meritorious issue to present for review. We conducted an independent review of the record and found that the termination entry incorrectly states that Cole pleaded guilty. So we appointed new appellate counsel to present for review this and any other meritorious issue. We turn to those issues now.

## II. Analysis

{¶ 7} Three assignments of error are presented for our review. The first alleges that the termination entry is incorrect. The second alleges that the trial court erred by accepting Cole's no-contest plea. And the third claims ineffective assistance of trial counsel.

### A. The termination entry

{¶ 8} The first assignment of error contends that the termination entry incorrectly states that Cole pleaded guilty. The state concedes that Cole pleaded no contest and that the plea recorded in the termination entry is a clerical error. We agree.

{¶ 9} Crim.R. 36 provides that clerical mistakes in judgments may be corrected at any time. A nunc pro tunc entry may be used to correct a judgment by making it reflect what actually happened. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20. We remand this case for the trial court to enter a nunc pro tunc entry that reflects the plea that Cole in fact entered.

{¶ 10} The first assignment of error is sustained.

### B. The no-contest plea

{¶ 11} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In the second assignment of error here, Cole alleges that the trial court erred by accepting

his no-contest plea, because he did not enter it intelligently. Cole claims, as a general matter, that because of his disabilities the court should not have taken his plea in the routine manner that it did. Rather, says Cole, the court should have given attention to his special needs. Cole also claims that he did not understand the plea-bargaining process.

{¶ 12} " 'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.' " *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 10, quoting *State v. Barner*, 4th Dist. Meigs No.10CA9, 2012-Ohio-4584, ¶ 7. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Vieney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary. *Redavide* at ¶ 12. The rule provides that, before accepting a guilty or no-contest plea, a court must determine that the defendant understands that, by pleading, he waives certain constitutional rights. Crim.R. 11(C)(2)(c). The rule also provides that a court must determine that the defendant understands certain nonconstitutional rights, including "the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions," Crim.R. 11(C)(2)(a), and "the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence," Crim.R. 11(C)(2)(b). With respect to these nonconstitutional rights, a court's "substantial compliance" with the rule is all that is necessary. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial

compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citation omitted.) *Id.*

{¶ 13} "A criminal defendant may not be tried unless he is competent[,] and he may not * * * plead guilty unless he does so 'competently and intelligently.' " (Citation omitted.) *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The competency standard for pleading guilty is the same as the standard for standing trial. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57, citing *id.* at 399. Here, Cole was found competent to stand trial. And, as Cole says in his brief, he is not arguing that he was incompetent. Therefore Cole was competent to plead no contest.

{¶ 14} Cole does not contend that the trial court failed to follow any of Crim.R. 11(C)'s express directives. Rather, he claims that because of his disabilities the court should not have taken his plea in the routine manner that it did but should have given attention to his special needs. Cole gives no examples, however, of what the trial court should have done differently. Moreover, Cole scored quite high on two different competency tests. The test given by Dr. Martin examined "(1) Basic Legal Concepts (assessing one's knowledge of the criminal justice process), (2) Skills to Assist Defense (assessing one's understanding of the client-attorney relationship), and (3) Understanding Case Events (assessing one's ability to discuss the facts of the incident in a coherent manner, as well as one's understanding of how the facts of the case might lead to one's subsequent arrest and charges)." (Martin, *Competency to Stand Trial, Forensic Evaluation*, 13). According to Dr. Martin's report, "[t]he average score of 46

criminal defendants *without* mental retardation who were found Competent to Stand Trial was 45.4." (Emphasis added.) (*Id.* at 14). Cole scored 48. We note too that during the plea colloquy, Cole consistently responded that he understood his rights, and he said that he wanted to waive them. We cannot say that the trial court should have done something different.

{¶ 15} The record does not establish that Cole lacked sufficient understanding about plea bargaining. Dr. Kidd's competency report says that Cole was initially unfamiliar with the process of plea bargaining. The process was explained to him and afterwards Cole was given a hypothetical case with several plea deals and for each deal was asked whether the defendant should accept it. According to Dr. Kidd's report, Cole said that "the defendant should not accept a deal for the maximum or near-maximum sentence, but should consider deals for sentences of half or more than half of the maximum sentence, including probation." (Kidd, *Competency to Stand Trial*, *Forensic Evaluation*, 9). Cole says that this shows that he believed that a defendant should not plead guilty when the defendant does not get something in return. Yet, says Cole, he pleaded no contest without receiving something in return. Cole cites our decision and entry setting aside the *Anders* brief in which we noted that there was no plea agreement and that, because the offense carried a mandatory sentence, "Cole received no apparent tangible benefit." Cole contends that his evident understanding of plea bargaining conflicts with his actions and that this shows that he did not enter his plea intelligently.

{¶ 16} Both competency reports state that Cole understood the basics of plea bargaining. According to Dr. Kidd's report, Cole "demonstrated understanding of plea bargaining after it was explained to him, and he would be able to collaborate with counsel

in making a decision about how to plead." (Kidd, *Competency to Stand Trial*, *Forensic Evaluation*, 10). And the report says that Cole is "capable of understanding various pleas if explained to him in simple terminology." (*Id.*). Similarly, Dr. Martin's competency report concludes that Cole's responses on the competency test that Dr. Martin administered show that Cole "was able to recognize penalties to which one could be subjected if convicted on a charge, and that he understood the basic meaning of plea bargaining." (Martin, *Competency to Stand Trial, Forensic Evaluation*, 14). Furthermore, it is not true that Cole received nothing in return for his plea. As we parenthetically noted in our *Anders* decision, Cole received the benefit of "not being subject to a jury trial," that would have been in a public courtroom on a charge of forcible anal rape of a 5-year old boy in a restroom stall at a church.

{¶ 17} Cole was found competent, the trial court complied with Crim.R. 11(C)(2), and Cole consistently said that he understood his rights and wanted to waive them. On similar facts the Fourth District concluded that the guilty plea entered by the defendant in *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, was entered knowingly, intelligently, and voluntarily. In that case, after the defendant moved to plead not guilty by reason of insanity, a competency examination was done, and based on the examination results, the court found the defendant competent. The defendant pleaded guilty. On appeal, the defendant contended that he did not enter his plea knowingly, intelligently, and voluntarily, because he did not understand the consequences of the plea. He claimed that he was incapable of understanding, in part, because of his mental disability. The court of appeals found nothing in the record indicating that the plea was involuntary or showing that the defendant's waiver of rights was other than knowing and

intelligent. The appellate court said that the defendant appropriately answered the trial court's questions and said that he was willing to waive his constitutional rights and wanted to plead guilty. The court concluded that "considering the court's compliance with Crim.R. 11(C)(2) along with [the defendant]'s responses that he understood the court's statements concerning his rights, the totality of the circumstances show that he made his plea knowingly, intelligently and voluntarily." *Smith* at ¶ 22.

{¶ 18} Similarly here, the totality of the circumstances show that Cole entered his no-contest plea knowingly, intelligently, and voluntarily. The record does not support a contrary conclusion. The trial court did not err by accepting the plea.

{¶ 19} The second assignment of error is overruled.

### C. Claim of ineffective assistance of counsel

{¶ 20} The third assignment of error claims that defense counsel rendered ineffective assistance. "Reversal of convictions for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense." *Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, at ¶ 88, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 21} After Dr. Kidd had submitted his reports, a competency hearing was held. Defense counsel told the trial court that he had reviewed the reports and that he wanted a second opinion. The trial court agreed and ordered a second evaluation, done by Dr. Martin. After Dr. Martin submitted his reports, the competency hearing was reconvened. The trial court asked defense counsel if he had reviewed Dr. Martin's reports. Counsel replied that he had and that their conclusions were "actually quite similar" to those in Dr.

Kidd's reports. (Competency Tr. 6). The trial court then asked about stipulations:

> THE COURT: And I'm talking now about the competency issue. [Counsel], are there any stipulations with respect to the report on Mr. Cole's competency to stand trial.
>
> [DEFENSE COUNSEL]: Yes, Your Honor. At this point, defense would stipulate to the conclusion that he is competent.
>
> THE COURT: All right. The Court will make a finding, based on Dr. Martin's report of August the 7th of 2013, and also based on the report of Dr. Kidd, dated June the 21st of 2013, that Mr. Cole is competent to stand trial. The Court finds that he is competent. I think we're at a point now, with that stipulation and that finding, we need to have a trial date if I'm not mistaken.

(*Id.*).

{¶ 22} Cole contends that defense counsel should not have stipulated to the fact that he was competent. This stipulation, says Cole, essentially bars any appeal of the court's competency finding. Cole says that counsel should have stipulated only that, if one of the examining psychologists were to testify, his testimony would be consistent with the reports. That would allow the trial court to make its own factual finding on competence, instead of simply accepting the stipulation.

{¶ 23} Although we agree that the better practice in the above situation would be for defense counsel to clearly stipulate only that the examining psychologists would testify consistent with their reports, one could conclude that the above-quoted section of the competency-hearing transcript, where defense counsel stipulated to "the conclusion that he is competent," was an inexact way of stipulating to the psychologists' conclusions in

their reports rather than stipulating to the fact of competency. This interpretation is supported by the trial court's subsequent finding where it did not simply accept counsel's inarticulate stipulation to be a stipulation to competency itself, but made its own finding, based on those psychologists' reports, that Cole was competent. Thus, regardless of how the "stipulation" is viewed, Cole's competency was independently determined by the court and Cole cannot show he was prejudiced by counsel's action which is necessary for a finding of ineffective assistance. Furthermore, on this record, defense counsel could have reasonably decided that, in the face of the reports, he could not prove that Cole was incompetent. Cole does not point to any evidence or present any argument that he was incompetent.

{¶ 24} We are unable to conclude that counsel's stipulation constituted deficient performance.

{¶ 25} The third assignment of error is overruled.

### III. Conclusion

{¶ 26} The trial court's judgment is affirmed in part and reversed in part. That part of the termination entry stating that Cole pleaded guilty is reversed; the rest is affirmed. This case is remanded for the limited purpose of correcting the termination entry so that it accurately reflects Cole's no contest plea.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Brent E. Rambo
Hon. Michael W. Krumholtz