Harsha, J., concurring:
 

 {¶ 42} Keene's second assignment of error asserts that his guilty plea was invalid because his maximum potential sentence was overstated, thus he contends he was not properly advised of the "maximum penalty involved" for the rape charges in contravention of Crim.R. 11(C)(2)(a). Keene's claim involves a nonconstitutional right, and the "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice."
 
 State v. Griggs
 
 ,
 
 103 Ohio St.3d 85
 
 ,
 
 2004-Ohio-4415
 
 ,
 
 814 N.E.2d 51
 
 , ¶ 12. To demonstrate prejudice "the defendant must show that the plea would otherwise not have been entered."
 
 State v. Veney
 
 ,
 
 120 Ohio St.3d 176
 
 ,
 
 2008-Ohio-5200
 
 ,
 
 897 N.E.2d 621
 
 , ¶ 15.
 

 {¶ 43} In Keene's appellate briefs he does not argue, much less establish, that he would not have pleaded guilty had he been informed of the appropriate maximum penalty, i.e., that each rape charge was subject to a maximum sentence of 10 years to life instead of 25 years to life. In fact, establishing such a fact would seem most difficult.
 
 See
 

 State v. Barner
 
 , 4th Dist. Meigs No. 10CA9,
 
 2012-Ohio-4584
 
 ,
 
 2012 WL 4713901
 
 , ¶ 13 ("Furthermore, it is hard to see how Barner could have been prejudiced by an overstatement of penalities, i.e., that he would not have pled guilty if the penalty was explained correctly.");
 
 see also
 

 State v. Calvin
 
 , 8
 
 th
 
 Dist. Cuyahoga No. 100296,
 
 2015-Ohio-2759
 
 ,
 
 2015 WL 4132948
 
 , Par. 24, citing
 
 Barner
 
 and a 2nd Dist. case for the proposition that "[I]t is hard to demonstrate prejudice when an overstatement of the maximum penalty was given, and [the defendant] still entered his guilty pleas."
 

 {¶ 44} Therefore, I agree that Keene's second assignment of error is meritless and properly overruled.