[Cite as *State v. Gulde*, 2019-Ohio-300.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28036 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2055 |
| | : | |
| JASON S. GULDE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jason Gulde appeals from his conviction for domestic violence and felonious assault. For the reasons set forth below, we affirm.

## I. The Proceedings

{¶ 2} Miamisburg Police Detective Sergeant Jeff Muncy conducted an interview of Gulde's wife during which she disclosed incidents of domestic violence and rape. A victim advocate and a friend of the wife were present during the interview. On July 10, 2017, Gulde was indicted on four counts of rape, one count of kidnapping, one count of felonious assault and two counts of domestic violence. He filed a motion to suppress evidence "obtained from Defendant as a result of the seizure of Defendant by government agents[ ] [as well as any] and all evidence obtained as a result of the interrogation of the Defendant by any police agency." Dkt. No. 14. On August 17, 2017, in a so called "B" indictment, Gulde was indicted on one count of rape, four counts of felonious assault and six counts of domestic violence.

{¶ 3} A hearing on the motion to suppress was conducted on October 19, 2017, following which the trial court overruled the motion.

{¶ 4} In May 2018, following plea negotiations, Gulde entered a plea of no contest to one count of domestic violence and two counts of felonious assault as set forth in the B indictment. In exchange, the State dismissed all other counts in that indictment, as well as all of the counts in the original indictment. At the plea hearing, the parties stipulated to an agreed sentencing range of five to seven years. The trial court accepted Gulde's no contest plea. Sentencing was conducted on June 12, 2018, at which time

the court sentenced Gulde to seven years on each of the felonious assault counts and six months on the domestic violence count, with all sentences to run concurrently, for a total sentence of seven years.

{¶ 5} Gulde appeals.

## II. Analysis

{¶ 6} Gulde asserts the following as his sole assignment of error:

THE TRIAL COURT FAILED TO CONSIDER THAT THE STATE'S CASE WAS PREDICATED ON A FAULTY VICTIM INTERVIEW.

{¶ 7} Gulde's argument is, at best, difficult to understand; however, it appears to be premised upon his belief that the statements made by his wife during her interview with Muncy were the product of coercion. He argues that, without the coerced statements, the State had no basis for prosecution. He also argues that without the coerced statements "the charges of rape would not have been sustained and thus used against him to force lesser pleas of felonious assault." Gulde claims that the video of the interview demonstrates that his wife was "silent during her interview and was guided through her storytelling of the events by law enforcement personnel," and that she was "conflicted about pushing forward with the case or at least confused about what was happening to her lover and mate." He argues that the trial court erred by failing to consider that the State's evidence was the product of coercion. Thus, he contends that his conviction should be reversed.

{¶ 8} Gulde did not bring this alleged issue to the attention of the trial court. His motion to suppress did not address the statements made by his wife, and he did not raise

any other objections thereto. Thus, he has waived all but plain error. *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 136, citing *State v. Campbell*, 69 Ohio St.3d 38, 44, 630 N.E.2d 339 (1994); *State v. Boone*, 10th Dist. Franklin No. 14AP-87, 2015-Ohio-2648, ¶ 35. Plain error occurs when an error or defect at trial, not brought to the attention of the court, affects a substantial right of the defendant. Crim.R. 52(B); *State v. Pridgett*, 8th Dist. Cuyahoga No. 101823, 2016-Ohio-687, ¶ 25. "Plain error does not exist unless it can be said that but for the error the outcome of the trial clearly would have been otherwise." *State v. Mundy*, 99 Ohio App.3d 275, 300, 650 N.E.2d 502 (2d Dist. 1994), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332 (1983). Courts must proceed on a claim of plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long* at paragraph three of syllabus. The appellant bears the burden of affirmatively demonstrating error on appeal. *State v. Hayes*, 2d Dist. Montgomery No. 26379, 2016-Ohio-7241, ¶ 107. Gulde has not met this burden.

{¶ 9} First, Gulde's claims of coercion are, at best, speculative. In his brief, he merely states that it is "troubling that the State representatives *may* have coerced statements from the victim." (Emphasis added.). The only thing he offers in support of his claim of coercion is the statement that, while Muncy and the victim advocate helped his wife through the interview process, they were "at times speaking for her." Notably, despite this claim, Gulde admits that his wife was able to, and did, "give a rendition of the events on the day in question." Gulde has not presented any evidence to support a finding that his wife's "rendition" of the offenses was the result of physical or mental

coercion or intimidation.

{¶ 10} Further, we have no way of determining the validity of Gulde's claims. Appellate review is limited to the record as it existed before the trial court. *State v. Milton*, 2d Dist. Montgomery No. 27819, 2018-Ohio-4999, ¶ 20; *Walker v. Wright*, 10th Dist. Franklin No. 13AP-1003, 2015-Ohio-248, ¶ 42; *State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 13. The recording of the interview was never introduced into evidence in the trial court and, thus, is not a part of the record before us. We cannot review something that the trial court did not consider.

{¶ 11} Finally, there is nothing in this record to support a finding that the interview of Gulde's wife was the only evidence available to the State. Indeed, in his brief, Gulde refers to the interview as "a central component" of the State's case, which seems to concede the possible existence of other competent evidence.

{¶ 12} We conclude that Gulde has failed to establish the existence of error, let alone plain error. Therefore, his assignment of error is overruled.

### III.    Conclusion

{¶ 13} Gulde's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Mark J. Bamberger

Hon. Gregory F. Singer